Battle, J.
 

 The main allegations of the bill upon which the plaintiffs seek a reconveyance of the land in question from the defendant, are that the land was conveyed by a deed absolute in its terms, to one Edward Carman, but was intended as a mere security for a small debt, which was due to him; that afterwards, one Thomas Moore, paid the debt to Carman, amounting only to the small sum of $30, and took from him an absolute deed for the land, upon the express understanding, however, that he was to hold it for the separate use of the feme plaintiff, and her children, upon being repaid the money which he had advanced; that subsequently, the plaintiffs tendered him the amount due, which he refused to receive unless they would also pay a debt of about $50,"'wf|ch he alleged was due from the plaintiff, Samuel Webber, an®iathe after-wards sold the land to the defendant, but that« defendant at the time of his purchase, had full notice of mg plaintiffs’ equity. The prayer is, that the deeds to Carmamjand Moore
 
 *37
 
 may be declared void, and that the defendant may be compelled, by a decree of the Court, to convey the land to the separate use of the feme and her children. Carman and Moore are not made parties to the suit, and there is no offer to pay to them, or either of them, or to the defendant Taylor, the debt which the plaintiffs admit that they owed, first to Car-man, and then to Moore, and for which the land was to be a security.
 

 The defendant, in his answer, insists that he purchased
 
 Iona Jlch
 
 for a fair price, and without any notice of the claims of the plaintiffs, though he admits that he knew they were in the actual possession of the land, thinking, however, that they ■were there as the mere tenants at will of his vendor.
 

 It is much to be regretted, that in the present state of the pleadings, the cause cannot be heard on its merits. It is obvious that the plaintiffs cannot have a reconveyance of the land, except upon the footing of treating their conveyance to Carman, as a mortgage, which was assigned successively to Moore and the defendant. In that view, Carman and Moore are necessary parties, in order to have the debt due them ascertained, and to make them contributory to the defendant in the event of a decree against him; and there should be an offer on the part of the plaintiffs to pay it;
 
 Guthrie
 
 v. Sorrell, 6 Ired. Eq. 13; 1 Daniel’s Ch. Prac. 329.
 

 The objection, for the want of parties, does not necessarily require us to dismiss the bill, but we may order it to stand over, with leave to the plaintiffs to amend their bill;
 
 Gordon
 
 v. Holland, 3 Ired. Eq. 362;
 
 Kent
 
 v.
 
 Bottoms,
 
 3 Jones’ Eq. 69. This, we deem the proper course in the present case, because the objection of a want of proper parties was not taken in the the answer, but was made for the first time, at the hearing, and that, too, after the defendant had himself taken the depositions of Carman and Moore, as evidence in the cause. If these persons be made parties defendants, it may be necessary, upon their answers being filed, that additional testimony should be taken ; and, in order to give the parties an opportunity to take such testimony, should it beeome necessary, the
 
 *38
 
 cause must be remanded to the- Court below. The plaintiff' must pay the costs,, as in the case of a dismission without prejudice; Guthrie v.
 
 Sor
 
 r
 
 ell, ubi supra.
 

 Pub OüRiam,. Decree accordingly..